NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANA ELIZABETH HENRIQUEZ-BERNAL; ESTELA ELIZABETH SANTOS-AGUILERA, <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  14-72323 <br><br> Agency Nos.  A095-734-320 <br> A095-734-321 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019**

Before:  McKEOWN, BYBEE, and OWENS, Circuit Judges.

Ana Elizabeth Henriquez-Bernal and Estela Elizabeth Santos-Aguilera,

natives and citizens of El Salvador, petition for review of the Board of Immigration

Appeals' ("BIA") order dismissing their appeal from an immigration judge's

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's finding that the harm petitioners suffered in El Salvador did not rise to the level of past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003) (record did not compel the finding that petitioner experienced past persecution). Substantial evidence also supports the agency's finding that petitioners failed to establish an objectively reasonable fear of future persecution in El Salvador. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("[a]n applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident"). Thus, petitioners' asylum claims fail.

In this case, because petitioners failed to establish eligibility for asylum, they failed to demonstrate eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the agency's denial of petitioners' CAT claim

14-72323

because they failed to establish that it is more likely than not they will be tortured by or with the consent or acquiescence of the government of El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject petitioners' contention that the BIA violated their due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

In light of this disposition, we need not reach petitioners' remaining contentions. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not required to decide issues unnecessary to the results they reach.") (citation omitted).

**PETITION FOR REVIEW DENIED.**